IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GARRION J. McKENNEY, # 465878, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-1140-JPG |
| | ) | |
| C/O GERMAIN, | ) | |
| C/O HARRIS, | ) | |
| C/O REID, | ) | |
| and SGT. COLLINS, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is a pretrial detainee, currently incarcerated at the St. Clair County Jail ("the Jail"). He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants were deliberately indifferent to a serious risk to his health from being exposed repeatedly to exhaust fumes. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

During February 2018, Plaintiff was housed in the Jail's L-Block. On February 1, 2018, he noticed hazardous fumes coming into the housing area from a box truck with a bad exhaust leak, which was parked outside. (Doc. 1, p. 5). Plaintiff complained to C/O Harris, who explained that an air handler was pulling the outside air into the cellblock. Harris apparently did nothing to turn off the air handler device or otherwise mitigate the problem.

Exactly one week later (February 8, 2018), exhaust fumes again came back into the

2

cellblock because the same box truck was parked in the same location. Plaintiff asked for help, but officers refused.

On February 15, 2018, exhaust fumes again poured into the cellblock. Harris opened the door to give the area some circulation. The same thing happened on a weekly basis, with Plaintiff and other inmates being exposed to the noxious fumes for an hour each time. (Doc. 1, p. 5). Germain refused to do anything to help, even though he said he smelled the fumes. When another inmate blocked the door and screamed for help, Collins and Reid responded, but apparently took no action. Another officer (Miller, who is not a Defendant) offered to open a door.

Plaintiff complained verbally and through captain complaints about the repeated exposure to the fumes for over a month, but nothing was done. Nobody responded to his captain complaints. He suffered respiratory distress, dizziness, headaches, and nausea. Sgt. Collins learned about the problem, but allowed the exposure to continue. Finally, some time in March 2018, all the prisoners on the cellblock were moved to a different location. (Doc. 1, p. 5).

Plaintiff seeks monetary damages. (Doc. 1, p. 6).

## **Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to characterize the *pro se* action in a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Defendants exposed Plaintiff to harmful exhaust fumes in his housing unit, in violation of the Fourteenth Amendment.

This claim shall proceed for further consideration.

**Count 1 – Cruel and Unusual Punishment**

The Due Process Clause of the Fourteenth Amendment governs claims for unconstitutional conditions of confinement brought by pretrial detainees. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for convicted prisoners. *Id*. As the Seventh Circuit explained:

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind.

*Smith*, 803 F.3d at 309.

The Seventh Circuit has historically applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *See Smith*, 803 F.3d at 309-10; *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *Ayoubi v. Dart*, No. 17-1662, 2018 WL 1445986, at *3 (7th Cir. March 23, 2018) (unpublished) (Fourteenth Amendment and Eighth Amendment standards "are virtually indistinguishable"). Under the Eighth Amendment, two elements are required to establish a constitutional violation for conditions of confinement in prison. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The second requirement is a subjective element – establishing a defendant's culpable state of

mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. To satisfy this element, a plaintiff must show that "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, __U.S.__, 135 S. Ct. 2466, 2472 (2015)).

In Plaintiff's case, he was exposed to noxious and hazardous exhaust fumes while confined in his cellblock at the Jail. The fumes were drawn indoors through the Jail's ventilation system. He alleges that he suffered physical discomfort from breathing the fumes, and at this stage of the case, it can be presumed that these conditions exposed Plaintiff to an excessive risk to his health. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, conditions of confinement may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).

Plaintiff further alleges that he informed each of the Defendants of the problem with the exhaust fumes. On one occasion, Harris opened a door to provide some air circulation, but on at least one other date, he took no steps to alleviate the problem. Germain, Collins, and Reid allowed the exhaust exposure to continue for several weeks, in spite of Plaintiff's complaints and even when Germain and Reid admitted that they smelled the fumes. These facts support a claim for deliberate indifference against each of these officers. **Count 1** therefore survives review under § 1915A and shall proceed.

**Pending Motion**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") in this action (Doc. 3)

shall be addressed in a separate order. Plaintiff's motion and prisoner trust fund statement demonstrate that he is indigent.

### Disposition

The Clerk of Court shall prepare for Defendants **GERMAIN, HARRIS, REID,** and **COLLINS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for

disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 19, 2018**

                                                      s/J. Phil Gilbert
                                                    United States District Judge